OPINION
{¶ 1} Appellant Ronald Harris appeals a judgment of the Canton Municipal Court convicting him of disorderly conduct (R.C. 2917.11):
 {¶ 2} "I. THE COURT ABUSED ITS DISCRETION WHEN: (1) IT REFUSED TO REQUIRE THE PROSECUTOR TO MAKE THE TAPED CONVERSATION CENTRALIZED IN THIS CASE AVAILABLE TO THE DEFENSE; (2) WHEN HE FAILED TO CONTINUE THE CASE TO ALLOW THE TAPE TO BE AUTHENTICATED; AND (3) WHEN HE ADMITTED THIS UNAUTHENTICATED TAPE INTO EVIDENCE.
 {¶ 3} "II. THE VERDICT FINDING THE ACCUSED GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
 {¶ 4} On October 16, 2001, Willie Harris, appellant's father, received a phone call from appellant. The answering machine picked up the phone call. Willie reached over and picked up the receiver, and heard appellant's voice on the telephone. When Willie asked appellant who he was talking to, appellant replied "You, Nigger," and hung up.
 {¶ 5} About fifteen or twenty minutes later, Willie went upstairs in his home where his answering machine was located. He noticed that the light was blinking, and played the message. When he played the message, he heard appellant say, "I'll get my shotgun." Appellant lived approximately fifteen to twenty minutes from his father's home. Willie Harris believed this was threat on his life, and that appellant was going to come to the house with a shotgun to shoot him.
 {¶ 6} Willie Harris called the Stark County Sheriff to report the incident, and took the answering machine to the Sheriff's office to play the message. Appellant was then charged with domestic violence in violation of R.C. 2919.25 (C). On October 22, 2001, he was arrested for domestic violence and entered a plea of not guilty to the charge.
 {¶ 7} On November 29, 2001, appellee filed a response to appellant's request for discovery. In that response, appellee indicated that the State possessed a tape of appellant's statements, which was available for appellant to inspect by contacting the prosecutor's office. Appellant subsequently contacted appellee and requested that he be allowed to take the answering machine from the prosecutor's office, to have its authenticity evaluated by an expert. Appellee responded that appellant could make a copy of the statements, but would not be permitted to take the actual answering machine outside of the prosecutor's office.
 {¶ 8} On December 18, 2001, the complaint was amended to reflect a charge of disorderly conduct, upon motion of appellee.
 {¶ 9} The morning of trial, February 15, 2002, appellant requested that the case be continued so that his expert, who was not present in the courthouse, could authenticate the taped message. Counsel for appellant represented to the court that he believed that he had an understanding with the prosecutor's office that he would be allowed to take the machine and have his expert evaluate the tape. The prosecutor conducting the trial, who was not the prosecutor who handled discovery, represented to the court that while he had no reason to disbelieve that this arrangement took place with the previous prosecutor on the case, his position on the morning of trial was that both the tape and telephone were present in the courtroom, and the court could determine whether it believed the tape was a true copy of the original, or had been altered in some way. The court overruled appellant's request for a continuance, finding that he should have raised any problems in discovery prior to the morning of trial.
 {¶ 10} The case proceeded to bench trial. Appellant was convicted as charged, and was ordered to pay a fine of $50 and court costs, with the fine and court costs not to exceed $50.
 I {¶ 11} Appellant first argues that the court erred in refusing to require the prosecutor to make the taped conversation available to the defense, failing to continue the case to allow the tape to be authenticated by the defense expert, and admitting the unauthenticated tape into evidence.
 {¶ 12} The court did not err in failing to require the prosecutor to turn the answering machine over to defense counsel on the morning of trial for examination by an expert. The response to discovery, filed nearly two months before trial, states that the tape was available for inspection by contacting the prosecutor's office. As noted by the court, if appellant had difficulty securing arrangements for examination of the tape, such difficulty should have been raised to the court by a motion to compel discovery prior to the morning of trial.
 {¶ 13} Likewise, the court did not err in denying a continuance for the purpose of allowing the expert to evaluate the tape. Appellant had nearly two months from the discovery response until trial to have the expert authenticate the tape, yet failed to do so. Further, the expert was not present to listen to the tape on the morning of trial. As noted above, any problems in discovery should have been relayed to the court through an appropriate motion prior to the morning of trial, and the court did not err in denying a last-minute continuance.
 {¶ 14} Finally, appellant argued that the court erred in admitting the tape without it being properly authenticated.
 {¶ 15} The requirement of authentification or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901 (A). By way of illustration, an example of authentication conforming with the requirements of the rule is testimony of a witness with knowledge, that a matter is what it is claimed to be. Evid.R. 901 (B)(1).
 {¶ 16} In the instant case, Willie Harris testified that the answering machine was his, and he did not alter it or tamper with the telephone in any way prior to bringing it to the prosecutor's office. Tr. 20-21. He further testified after listening to the tape that the tape represented what was recorded on the night in question, and appellant's voice was on the tape. Tr. 21. In addition, appellant admitted that it was his voice on the machine, and that he made the phone call. Tr. 80. His only argument concerning authentification is that the entire conversation was not on the machine. Id. The judge did not err in admitting the tape as properly authenticated.
 {¶ 17} The assignment of error is overruled.
 II {¶ 18} Appellant argues that the judgment convicting him of disorderly conduct is against the manifest weight of the evidence.
 {¶ 19} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror, and disagrees with the factfinder's resolution of the conflicting testimony. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 20} Appellant was convicted of violating R.C. 2917.11, which provides that no person should recklessly cause inconvenience, annoyance, or alarm to another by engaging and fighting, threatening harm to persons or property, or engaging in violent or turbulent behavior. In the instant case, there is evidence that appellant stated on the answering machine that he was getting his shotgun, which alarmed Willie Harris, as he interpreted it as a threat to shoot him. While appellant argues the judgment is against the manifest weight of the evidence because appellant and his father live fifteen to twenty minutes apart, and therefore the threat could not be imminent, there is no requirement in R.C 2917.11 that the threat be imminent. Further, Willie Harris listened to the tape fifteen to twenty minutes after appellant called, during which time appellant could have driven to his father's house. Evidence that Mr. Harris believed what appellant said to be a threat on his life, and was so alarmed that he contacted the sheriff and drove to the sheriff's department to play the message for them, is sufficient to support the finding of guilty. The judgment is not against the manifest weight of evidence.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} The judgment of the Canton Municipal Court is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.